IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LARRY W. KIRK,

    Plaintiff,                               No. CIV S-10-0373 KJN (TEMP) P

    vs.

T. RICHARDS,                                 <u>ORDER AND</u>

    Defendant.                           <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

        Plaintiff is a California prisoner proceeding without counsel, with an action for violation of civil rights under 42 U.S.C. § 1983. Defendant is an employee of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding against defendant on a claim for alleged failure to protect plaintiff from violence arising under the Eighth Amendment. <u>See</u> April 28, 2010, Order. Plaintiff's motion for summary judgment is before the court.[1]

        In his February 12, 2010 complaint, which is signed under the penalty of perjury, plaintiff alleges as follows:

////

---

[1] Defendant's motion for summary judgment is also pending. That motion will be resolved in separate findings and recommendations.

1. On March 19, 2009, plaintiff informed defendant that plaintiff had been threatened by his cellmate. Plaintiff informed defendant that his cellmate demanded that plaintiff have sex with the cellmate or seek housing in another cell. Plaintiff also indicated that he was in fear of his cellmate.

2. Defendant told plaintiff: "I don't give a fuck, you don't need to talk to me, this is not my regular post, now take it to your cell."

3. Plaintiff complied by returning to his cell and was almost immediately assaulted by his cellmate.

4. Plaintiff suffered physical and emotional injuries.

Summary judgment is appropriate when it is demonstrated that there exists "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

> Under summary judgment practice, the moving party always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)).

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the allegations or denials of its pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. See Fed. R. Civ. P. 56(e); Matsushita, 475 U.S. at 586 n.11. The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248

1  (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir.
2  1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could
3  return a verdict for the nonmoving party, see Wool v. Tandem Computers, Inc., 818 F.2d 1433,
4  1436 (9th Cir. 1987).
5         In the endeavor to establish the existence of a factual dispute, the opposing party
6  need not establish a material issue of fact conclusively in its favor. It is sufficient that "the
7  claimed factual dispute be shown to require a jury or judge to resolve the parties' differing
8  versions of the truth at trial." T.W. Elec. Serv., 809 F.2d at 631. Thus, the "purpose of summary
9  judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a
10 genuine need for trial.'" Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory
11 committee's note on 1963 amendments).
12        In resolving the summary judgment motion, the court examines the pleadings,
13 depositions, answers to interrogatories, and admissions on file, together with the affidavits, if
14 any. Fed. R. Civ. P. 56(c). The evidence of the opposing party is to be believed. See Anderson,
15 477 U.S. at 255. All reasonable inferences that may be drawn from the facts placed before the
16 court must be drawn in favor of the opposing party. See Matsushita, 475 U.S. at 587.
17 Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to
18 produce a factual predicate from which the inference may be drawn. See Richards v. Nielsen
19 Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir.
20 1987). Finally, to demonstrate a genuine issue, the opposing party "must do more than simply
21 show that there is some metaphysical doubt as to the material facts . . . . Where the record taken
22 as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no
23 'genuine issue for trial.'" Matsushita, 475 U.S. at 587 (citation omitted).
24        The Eighth Amendment's prohibition on cruel and unusual punishment imposes
25 on prison officials, among other things, a duty to "take reasonable measures to guarantee the
26 safety of the inmates." Farmer v. Brennan, 511 U.S. 825, 832 (1991) (quoting Hudson v. Palmer,

1  468 U.S. 517, 526-27 (1984)). An inmate's Eighth Amendment rights are violated by a prison
2  official if that official exposes an inmate to a "substantial risk of serious harm," while displaying
3  "deliberate indifference" to that risk. Id. at 834.  In light of the foregoing, plaintiff is entitled to
4  summary judgment with respect to his Eighth Amendment failure to protect from violence claim
5  only if he points to facts indicating that it is not disputed that defendant exposed plaintiff to a
6  substantial risk of serious harm and defendant was deliberately indifferent to the risk.

7       In his opposition to plaintiff's motion, defendant points to his own declaration
8  where defendant indicates that he has no recollection of plaintiff expressing any concerns to
9  defendant about plaintiff's safety on March 19, 2009.[2] Defendant also indicates, among other
10 things, that given the nature of plaintiff's alleged concerns that day, defendant would not have
11 simply forgotten that such a conversation took place.  There is nothing before the court
12 suggesting defendant's representations are patently false.

13       In light of the evidence presented by defendant, the court cannot find that it is
14 undisputed that defendant exposed plaintiff to a substantial risk of serious harm and was
15 deliberately indifferent to the risk.  At best, the evidence presented in conjunction with plaintiff's
16 motion for summary judgment establishes genuine issues of material fact as to whether plaintiff's
17 Eighth Amendment rights were violated which must be resolved by a trier of fact.  Therefore, the
18 court will recommend that plaintiff's motion for summary judgment be denied.[3]

19       Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court assign a
20 district court judge to this case; and
21 ////

---

[2] With his opposition, defendant requests that the court judicially notice three affidavits, including defendant's, which were submitted with defendant's pending motion for summary judgment. This request is not proper as the court does not take judicial notice of documents such as affidavits. The court judicially notices facts that are, generally speaking, not subject to reasonable dispute. See Fed. R. Evid. 201.

[3] Defendant presents other arguments in favor of denying plaintiff's motion. In light of the foregoing, the court need not address those arguments.

IT IS HEREBY RECOMMENDED that plaintiff's January 27, 2011, motion for summary judgment (#19) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 7, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

kirk0373.sj