IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LARRY W. KIRK,

    Plaintiff,                    No. CIV S-10-0373 GEB CKD P

    vs.

T. RICHARDS,                       <u>ORDER</u> AND

    Defendant.                <u>FINDINGS & RECOMMENDATIONS</u>

_____/

        Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is proceeding against defendant on a claim for alleged failure to protect him from violence arising under the Eighth Amendment. Discovery closed on November 12, 2010. (Dkt. No. 11.) On February 4, 2011, defendant filed a motion for summary judgment, citing the following admissions by plaintiff:

> KIRK has admitted that RICHARDS did not violate his rights under the Eighth Amendment. (UF No. 31.) KIRK has admitted that RICHARDS did not violate his constitutional rights. (UF No. 32.) KIRK has admitted that he suffered no injury as a result of the actions of RICHARDS. (UF No. 33.)

(Dkt. No. 23-1 at 3-4.) Defendant stated that plaintiff had failed to respond to requests for admissions, and thus the foregoing was deemed admitted for purposes of summary judgment. (<u>Id</u>. at 7.) On February 25, 2011, plaintiff filed an opposition to the motion for summary judgment

1

(Dkt. No. 28), and defendant timely filed a reply.

On July 11, 2011, the previously assigned magistrate judge issued an order stating: "Plaintiff has not indicated whether he received defendant's requests for admission or whether he served a timely response. Therefore, plaintiff will be ordered to show cause within twenty-one days why the [requests for admissions described above] should not be deemed admitted pursuant to Federal Rule of Civil Procedure 36(a)(3)." (Dkt. No. 42 at 2.)

On July 20, 2011, plaintiff filed a response to the order to show cause, stating that he never received any requests for admissions in the mail. (Dkt. No. 44 at 2.) Plaintiff's response was accompanied by a motion to withdraw his admissions. (Dkt. No. 43.)

On August 8, 2011, defendant filed an opposition to plaintiff's motion to withdraw. (Dkt. No. 46.) As to plaintiff's "lost-in-the-mail argument," defendant argues that the requests for admission were served upon plaintiff at his address on file and never returned as undeliverable. Defendant points out that plaintiff never responded to a follow-up letter informing him that, due to plaintiff's failure to respond, the RFAs were deemed admitted. Defendant further notes that, even when defendant based his opposition to plaintiff's motion for summary judgment on the admissions, plaintiff "did not address the issue or move to withdraw the admissions." Defendant argues that, having "sat on his hands," plaintiff should not be allowed to withdraw the admissions "at this late date." (Id. at 2, 5.)

For the reasons discussed below, however, the undersigned will grant plaintiff's motion to withdraw his admissions. The undersigned will also recommend that defendant's pending motion for summary judgment, which was drafted in reliance on these admissions, be dismissed without prejudice to renewing the motion after further discovery.

DISCUSSION

I. Requests for Admissions

In his pending motion for summary judgment, defendant asserts that plaintiff's failure to timely respond to requests for admission (hereinafter "RFAs") results in automatic

admissions of the matters contained therein.  Thus, defendant contends, there is no triable issue of fact as to whether he violated plaintiff's Eighth Amendment rights or caused injury to plaintiff. (Dkt. No. 23-1 at 3-4, 7.)

When a party fails to timely respond to requests for admissions, those requests are automatically deemed admitted. See Fed. R. Civ. P. Rule 36(a).  "Any matter admitted under this rule is conclusively established unless the Court on motion permits withdrawal or amendment of the admission." Fed. R. Civ. P. Rule 36(a).  Here, plaintiff failed to respond to defendant's RFAs (he claims because he never received them); nor did he respond to defense counsel's subsequent letter informing him that the RFAs were deemed admitted. (Dkt. No. 46-1 at 13 (Def.'s Ex. C).) In his opposition to defendant's motion for summary judgment, plaintiff attached an earlier brief submitted by defendant which argued that plaintiff had effectively admitted the RFAs, and penned in the margin "not true" and "contest."  (Dkt. No. 29 at 9.)  However, plaintiff did not claim that he never received the RFAs, nor did he explicitly ask to withdraw the admissions, at that time. Rather, although discovery closed on November 12, 2010, and the dispositive motion deadline was February 4, 2011, plaintiff did not move to withdraw his admissions until July 20, 2011.  Thus, plaintiff not only failed to respond to the RFAs, but was remiss in waiting so long to file a motion to withdraw the admissions entered by default under Rule 36(a).

The Ninth Circuit, however, has recognized the authority of the district court to permit late responses to requests for admissions. See French v. United States, 416 F.2d 1149 (9th Cir.1968).  Rule 36(b) "permits the district court to exercise its discretion to grant relief from an admission made under Rule 36(a) only when (1) 'the presentation of the merits of the action will be subserved,' and (2) 'the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits.'"  Conlon v. United States, 474 F.3d 616, 621 (9th Cir. 2007).  "The first half of the test in Rule 36(b) is satisfied when upholding the admission would practically eliminate any presentation of the merits of the case."  Hadley v. United States, 45 F.3d 1345, 1348 (9th Cir. 1995).  For

example, in Conlon, the plaintiff failed to respond to requests for admissions and thereby admitted his damages were not caused by the wrongful acts of the defendant. Thus, "the deemed admissions eliminated any need for a presentation on the merits" and therefore satisfied the first prong of the Rule 36(b) test. Conlon, 474 F.3d at 622.

Under the second half of the Rule 36(b) test, "[t]he party relying on the deemed admission has the burden of proving prejudice." Conlon, 474 F.3d at 622. "The prejudice contemplated by Rule 36(b) is 'not simply that the party who obtained the admission will now have to convince the factfinder of its truth. Rather, it relates to the difficulty a party may face in proving its case, e.g., caused by the unavailability of key witnesses, because of the sudden need to obtain evidence' with respect to the questions previously deemed admitted." Hadley, 45 F.3d at 1348, citing Brook Village N. Assocs. v. General Elec. Co., 686 F.2d 66, 70 (1st Cir. 1982). The party who obtained the admission has the burden of proving that the withdrawal of the admission would prejudice the party's case.

The factors set forth above weigh in favor of granting relief to plaintiff under Rule 36(b). The presentation of the merits of this action would be subserved if defendant were allowed to prevail on the matters deemed to be admitted under Rule 36. Defendant propounded a total of three RFAs on plaintiff, asking him to admit, respectively, that defendant "did not violate your rights under the Eighth Amendment . . . did not violate your constitutional rights . . . . [and] [y]ou suffered no injury as a result of the actions of" defendant. (Dkt. No. 46-1 at 4-5 (Def.'s Ex. A).) The admissions go directly to the ultimate questions at issue in this case, causing the court to scrutinize the questions, and the resulting deemed admissions, more closely than in the typical scenario in which requests for admissions are propounded as a vehicle for formulating a discovery plan. Whatever the motivation here, however, given plaintiff's assertion that he did not receive the RFAs, the court chooses to exercise its discretion under Rule 36(b) to grant relief.[1] See Lyons v.

---

[1] The court accepts plaintiff's assertion that he did not receive the requests for admission. Nonetheless, the court commends to defendant a reading of Diggs v. Keller, 181 F.R.D. 468, 470

1 Santero, 2011 WL 3353890 at *3 (C.D. Cal. May 11, 2011) (granting relief to plaintiff under Rule 36(b) for similar reasons); Douglas v. Stevens, No. CIV-S-09-3412 KJM GGH P (E.D. Cal.), Findings and Recommendations dated August 11, 2011, at 24 ("To permit the defendant to invoke Rule 36(a)(3) in light of the convoluted process that ensued here would be to allow the pro se plaintiff to essentially be sandbagged into admissions he made at least some reasonable effort to deny.")

Defendant's argument that he would be prejudiced by plaintiff's withdrawal of admissions is unpersuasive.  See Lyons, supra, at *3 ("It would be difficult for Defendants to contend they were prejudiced because Plaintiff failed to timely respond to requests asking him to admit that the allegations in his Complaint were untrue.")  Defendant states that, rather than seeking to compel discovery responses or depose plaintiff on the specifics of his case, defendant simply relied on the fact that plaintiff failed to respond to the three ultimate-issue RFAs.  Were plaintiff allowed to withdraw these admissions, defendant complains, defendant "would be unable to obtain interrogatory responses, or to depose the plaintiff, since discovery has long-since closed." (Dkt. No. 46 at 4.)  However, lack of discovery, without more, does not constitute prejudice.  Conlon, 474 F.3d at 624.  Moreover, to minimize any prejudice to defendant, the court will sua sponte reopen the discovery and motion cut-off dates so that the parties may conduct further discovery as needed.

Accordingly, the court will grant petitioner's motion to withdraw his admissions.

\\\\\

\\\\\

---

(D. Nev. 1998) (holding that "before a matter may be deemed admitted against a pro se prisoner for failure to respond to a request, the request for admission should contain a notice advising the party to whom the request is made that, pursuant to Rule 36 of the Federal Rules of Civil Procedure, the matters shall be deemed admitted unless said request is responded to within thirty (30) days after service of the request or within such shorter or longer time as the court may allow.") In this case, neither the request for admission nor the letter defendant sent after the deadline had passed provided such notice (Dkt. No. 46-1 at 13 (Def.'s Ex. C.) ; in the future, defendant might consider the wisdom of including that information.

5

II. <u>Motion for Summary Judgment</u>

Defendant filed his motion for summary judgment on February 4, 2011, without having deposed plaintiff or obtained any responses to his interrogatories.  (<u>See</u> Dkt. 46 at 4.) Rather, "the motion argued that there was no evidence to support Kirk's claim against Richards of a failure to protect because he had admitted that Richards did not violate his rights under the Eighth Amendment, that Richards did not violate his constitutional rights, and that he suffered no injury as a result of the actions of Richards." (Dkt. No. 46, citing Dkt. No. 23-1.)  As plaintiff's motion to withdraw these ultimate-issue admissions is being granted herein, defendant presumably will want to conduct additional discovery and, if appropriate, seek summary judgment on that basis.  The undersigned will therefore recommend that defendant's motion for summary judgment be denied without prejudice to renewing the motion at a later date.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's July 20, 2011 motion to withdraw admissions (Dkt. No. 43) is granted;

2. The July 29, 2010 scheduling order (Dkt. No. 11) is vacated, with dates to be reset following the district court's ruling.

IT IS HEREBY RECOMMENDED that defendant's February 4, 2011 motion for summary judgment (Dkt. No. 23) be denied without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within seven days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Defendant is advised that

///

///

///

failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: September 19, 2011

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2
kirk0373.order_rfas