IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LARRY W. KIRK,

      Plaintiff,                       No. CIV S-10-0373 GEB CKD P

   vs.

T. RICHARDS,

      Defendant.               <u>ORDER</u>

_____/

        Plaintiff has requested the appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. <u>Mallard v. United States Dist. Court</u>, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1017 (9th Cir. 1991); <u>Wood v. Housewright</u>, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

        In <u>Terrell</u>, the Ninth Circuit held:

> A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success on the merits and the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved.' Neither of these factors is dispositive and both must be viewed together before reaching a decision.

<u>Id</u>. at 1017 (internal citations omitted). The Ninth Circuit found that appointment of counsel was

not warranted where plaintiff "demonstrated sufficient writing ability and legal knowledge to articulate his claim. The facts he alleged and the issues he raised were not of substantial complexity. The compelling evidence against [plaintiff] made it extremely unlikely that he would succeed on the merits." Id.

Here, plaintiff asserts that the following circumstances require the appointment of counsel: He tests at a fourth-grade level; he suffers from "severe mental illness"; the prison has extended periods of lockdown during which he does not have law library access; and he is visually impaired, hearing impaired, and in a wheelchair. (Dkt. No. 60 at 2.) He states that his hearing and visual impairments require "extra large print and very loud communications." (Id.) He states that he is "unable to perform legal research or writing" and must rely on the possibility that another inmate will assist him.[1]

The dispositive motion deadline in this case is April 27, 2012. (See Dkt. No. 51.) Currently, the court does not have a complete enough record before it to conclude whether plaintiff is likely to succeed on the merits of his claim, under the first prong of the Terrell test. Moreover, the court notes that plaintiff to date has been able to articulate his claim and file numerous pleadings in this action, and the issue does not appear to be one of "substantial complexity." Thus at this time, the court does not find the required exceptional circumstances. Plaintiff's request for the appointment of counsel will be denied without prejudice to renewal at a later stage of the proceedings.

\\\\\

---

[1] This case concerns defendant Richard's alleged failure to protect plaintiff in violation of the Eighth Amendment. Insofar as plaintiff seeks to claim that his rights under the First Amendment and/or Title II of the Americans with Disabilities Act are being violated by individuals not named as defendants, plaintiff may raise such claims in a separate action.
    Fed. R. Civ. P. 18(a) provides: "A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime as the party has against an opposing party." "Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). "Unrelated claims against different defendants belong in different suits[.]" Id.

Similarly, the court will deny plaintiff's pending motion for a settlement conference without prejudice to renewal after the resolution of any dispositive motions.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for the appointment of counsel (Docket No. 60) is denied without prejudice to renewal at a later date; and

2. Plaintiff's motion for a settlement conference (Dkt. No. 63) is denied without prejudice to renewal at a later date.

Dated: April 3, 2012

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2
kirk0373.31