IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LARRY W. KIRK,

      Plaintiff,                    No. CIV S-10-373 GEB CKD P

   vs.

T. RICHARDS,

      Defendant.              <u>ORDER</u>

_____/

        Plaintiff, a state prisoner proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court is plaintiff's January 17, 2012 motion to compel defendant Richards to respond to certain interrogatories and requests for production of documents (RFPs).  (Dkt. No. 56.)  Richards filed an opposition on February 2, 2012, after which plaintiff filed a reply (listed on the docket as an "opposition") on February 23, 2012.  (Dkt. Nos. 58, 61.)  Also pending is plaintiff's March 5, 2012 motion to subpoena witnesses, to which defendant has filed an opposition.  (Dkt. Nos. 64, 69.)  Pursuant to the analysis below, the court will grant plaintiff's motion to compel in part and deny it in part.  The court will deny plaintiff's subpoena motion.

        This action proceeds against defendant Richards on the complaint filed February 12, 2010, in which plaintiff alleges that Richards violated his rights under the Eighth Amendment

1

by failing to protect him from his cellmate on March 19, 2009.  (Dkt. No. 1.)  A scheduling order issued July 29, 2010 set the discovery deadline as November 12, 2010.  (Dkt. No. 11.)  After further proceedings, discovery was re-opened, and the operative scheduling order, issued October 18, 2011, reset the discovery deadline as January 27, 2012.  (Dkt. No. 51.)

I. Interrogatories

Plaintiff moves to compel defendant to answer the following interrogatories: Nos. 3, 4, 6, 7, and 10-31.  In his motion, plaintiff does not argue why defendant's responses are deficient, but merely states that the responses "are needed in order for [plaintiff] to proceed." (Dkt. No. 56.)  In his reply to defendant's opposition, plaintiff adds that defendant's "answers . . . are inadequate and misleading.  He has full knowledge of these answers to all of the questions asked because he was in fact there."  (Dkt. No. 61.)

Attached are defendant's responses to plaintiff's Interrogatories, Set One, signed by counsel for defendant on December 29, 2011.  Defendant raised various objections to Interrogatory Nos. 3, 4, 6, 10, 11, 12, 13, 14, 15, 16, 19, 20, 21, 22, 23, 24 and 25, and did not otherwise respond.  To Interrogatory No. 7, defendant both objected and provided a response. To Interrogatories Nos. 17 and 18, defendant raised no objections and provided responses.  To Interrogatories Nos. 26-31, defendant objected that plaintiff had exceeded the number of interrogatories permitted under Federal Rule of Civil Procedure 33(a)(1) and did not otherwise respond.  (Dkt. No. 56 at 2-11.)

Defendant argues that plaintiff has not met his burden to show why defendant's responses are inadequate or his objections unjustified.  See Williams v. Cate, 2011 WL 6217378 at *1 (E.D. Cal. Dec. 14, 2011) ("Plaintiff bears the burden of informing the Court . . . for each disputed response, why Defendant's objection is not justified. . . . Plaintiff may not simply assert that he has served discovery responses, that he is dissatisfied, and that he wants an order compelling further responses."), citing Ellis v. Cambra, 2008 WL 860523 at *4 (E.D. Cal. Mar. 27, 2008); see also Cal. Rules of Court, Rule 3.1345 (party moving to compel discovery

responses must include reasons why further answers should be ordered: legal or factual arguments why the answers given were incomplete or nonresponsive, or the objections invalid).

The court finds defendant's argument to have merit. Except in the most general sense, plaintiff has not attempted to show why defendant's objections to the cited interrogatories were invalid. Thus the court will deny plaintiff's motion as to the interrogatory responses.

II. Requests for Production

Plaintiff also seeks to compel defendant to produce the following documents:

    1. Post assignment of T. Richards dated 3-19-09 (position assignment)

    2. Any and all rules, regulations, procedures, policies and training including memos regarding what staff are to do when made aware by an inmate[] that th[ere] are concerns relating to safety concern problem issues.

(Dkt. No. 56-1.) Attached are defendant's responses to Plaintiff's Request for Production of Documents, Set One, signed by defendant's counsel on November 16, 2010. (Dkt. No. 56-1 at 2-6.)

In RFP No. 3, plaintiff asked defendant to "produce a copy of your work schedule and assignment." As the previous RFP concerned defendant's employment on March 19, 2009, it could be reasonably inferred that plaintiff was seeking a copy of defendant's work schedule and assignment on that date. (Dkt. No. 56-1 at 3.) Defendant objected that the request was served after the close of discovery (citing the original scheduling order) and did not otherwise respond.

In RFP No. 8, plaintiff asked: "What is the policy when an inmate informs an official that there is a problem with their cellmate?" Defendant objected that the request was served after the close of discovery (citing the original scheduling order) and did not otherwise respond.

Defendant propounded his responses after the initial discovery deadline of November 12, 2010; however, discovery was later reopened and the discovery deadline reset as

January 27, 2012.  Under Federal Rule of Civil Procedure 26(3)(1)(A), a responding party has a duty to supplement his or her discovery response "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect."  When the discovery deadline was changed, defendant's November 2010 discovery responses became "incorrect," triggering a duty to supplement and, at the least, offer different objections now that the timeliness of these requests was not an issue.

Under these circumstances, the court will order defendant to provide plaintiff with the following documents insofar as they are under defendant's "possession, custody, or control":

> (1) documentation of defendant's position assignment and work schedule on March 19, 2009; and
>
> (2) Any and all rules, regulations, procedures, policies and training materials regarding what CDCR staff are to do when made aware by an inmate that the inmate is concerned for his own safety.

See Fed. R. Civ. Proc. 34(a).

Upon receiving and reviewing these documents, plaintiff may file a supplement to his pending motion for summary judgment (Dkt. No. 76) submitting any of these newly-acquired documents (and nothing else), along with an optional supplemental brief not to exceed 5 pages.

As the parties' motions for summary judgment are pending, the court will deny plaintiff's motion to subpoena witnesses for trial (Dkt. No. 64) as premature.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's January 17, 2012 motion to compel defendant to answer interrogatories and requests for production of documents (Dkt. No. 56) is granted in part and denied in part as follows:

> (a) Within 14 days defendant shall produce to plaintiff the following documents insofar as they are under defendant's "possession, custody, or control":

4

        (1) documentation of defendant's position assignment and work schedule on March 19, 2009; and

        (2) Any and all rules, regulations, procedures, policies and training materials regarding what CDCR staff are to do when made aware by an inmate that the inmate is concerned for his own safety.

(b) Plaintiff's motion to compel is otherwise denied.

2. No later than June 30, 2012, plaintiff may file a supplement to his pending motion for summary judgment (Dkt. No. 76) submitting any of the aforementioned documents produced by defendant (<u>and nothing else</u>), along with an optional supplemental brief not to exceed 5 pages.

3. Plaintiff's March 5, 2012 motion to subpoena witnesses (Dkt. No. 64) is denied as premature.

Dated: May 4, 2012

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2
kirk0373.mtc