1

2

3

4

5

6

7

8 IN THE UNITED STATES DISTRICT COURT

9 FOR THE EASTERN DISTRICT OF CALIFORNIA

10 LARRY W. KIRK,

11            Plaintiff,                   No. 2:10-cv-0373 GEB CKD P

12      vs.

13 T. RICHARDS,

14            Defendant.              <u>ORDER</u>

15 _____/

16        Pursuant to the Ninth Circuit's recent decision in <u>Woods v. Carey</u>, No. 09-15548

17 (9th Cir. July 6, 2012), the court hereby reminds plaintiff of the following requirements for

18 opposing the motion for summary judgment filed by defendant Richards on April 16, 2012.[1]

19 (Dkt. No. 78.)  Plaintiff has filed an opposition to the motion for summary judgment.  (Dkt. Nos.

20 79, 82.)

21        The motion arises under Rule 56 of the Federal Rules of Civil Procedure.  Such a

22 motion is a request for an order for judgment in favor of the defendant without trial.  A

23 defendant's motion for summary judgment will set forth the facts that the defendant contends are

24 not reasonably subject to dispute and that entitle the defendant to judgment.  To oppose a motion

25

26        [1] Plaintiff was also advised of these requirements on May 12, 2010.  (Dkt. No. 9.)

1

for summary judgment, plaintiff must show proof of his or her claims.  Plaintiff may do this in one or more of the following ways.  Plaintiff may rely on plaintiff's statements made under penalty of perjury in the complaint if the complaint shows that plaintiff has personal knowledge of the matters stated and plaintiff specifies those parts of the complaint on which plaintiff relies. Plaintiff may serve and file one or more affidavits or declarations setting forth the facts that plaintiff believes prove plaintiff's claims; the person who signs an affidavit or declaration must have personal knowledge of the facts stated.  Plaintiff may rely on written records, but plaintiff must prove that the records are what plaintiff asserts they are.  Plaintiff may rely on all or any part of the transcript of one or more depositions, answers to interrogatories, or admissions obtained in this proceeding.  If plaintiff fails to contradict the defendant's evidence with counteraffidavits or other admissible evidence, the court may accept defendant's evidence as true and grant the motion.  If there is some good reason why such facts are not available to plaintiff when required to oppose a motion for summary judgment, the court will consider a request to postpone consideration of the defendant's motion.  <u>See</u> Fed. R. Civ. P. 56(d).  If plaintiff does not serve and file a written opposition to the motion, or a request to postpone consideration of the motion, the court may consider the failure to act as a waiver of opposition to the defendant's motion.  <u>See</u> L.R. 230(l).  If the court grants the motion for summary judgment, whether opposed or unopposed, judgment will be entered for the defendant without a trial and the case will be closed as to that defendant.

Unsigned affidavits or declarations will be stricken, and affidavits or declarations not signed under penalty of perjury have no evidentiary value.

////

////

////

////

////

1           Plaintiff now having received the notice required under <u>Woods v. Carey</u>, No. 09-

2 15548 (9th Cir. July 6, 2012), IT IS HEREBY ORDERED that plaintiff will be provided 21 days

3 to file additional evidentiary materials regarding defendant's motion for summary judgment, but

4 it is not required.  No extensions will be given.

5  Dated: July 11, 2012

6

7 CAROLYN K. DELANEY
  UNITED STATES MAGISTRATE JUDGE

8

9

10 1
  kirk0373.not

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

3